**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **WANDA ANDERSON** | **CASE NO. 2:25-CV-01539** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WAL-MART LOUISIANA L L C** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 14] filed by defendant Wal-Mart Louisiana LLC ("Wal-Mart"). Plaintiff opposes the motion. Doc. 20.

## I.
## BACKGROUND

This suit arises from injuries plaintiff allegedly sustained while shopping at a Wal-Mart store in Lake Charles, Louisiana, on December 19, 2024. Doc. 1, att. 3. On that date, plaintiff alleges, she slipped in a liquid substance in the "action alley" near the grocery section of the store. *Id.* at ¶¶ 6–8. She later testified that the hazard was a piece of coconut surrounded by a syrupy substance. Doc. 14, att. 4, p. 51. Plaintiff filed suit against Wal-Mart in state court, raising claims of negligence. Doc. 1, att. 3. Wal-Mart removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

The case is set for jury trial before the undersigned on April 19, 2027. Doc. 13. Wal-Mart now moves for summary judgment, denying liability because an employee was in the area shortly before plaintiff's accident and did not notice any hazard. Docs. 14, 19. It also asserts that there is no basis for a spoliation finding as to its accidental failure to retain

video surveillance of the accident. *Id.* Plaintiff opposes the motion but does not make a spoliation claim. Doc. 20.

## II.
## SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III. Law & Application

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. The statute "places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). To prevail, a plaintiff must prove all of the following (in addition to the other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). To show constructive notice, a plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant exercised reasonable care." *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 409 (5th Cir. 2017) (quoting La. Rev. Stat. § 9:2800.6(C)(1)). "In other words, the plaintiff 'must come forward with *positive evidence* showing that the damage-causing condition existed for some period of time, and that such

time was sufficient to place the merchant defendant on notice of its existence.'" *Id.* (quoting *White*, 699 So.2d at 1082).

Plaintiff testified that she slipped in a substance resembling shredded coconut in syrup. Doc. 14, att. 4, p. 51. Photographs taken shortly after the accident show a white substance in a clear liquid, which is visible from a few feet away against the gray concrete floor. Doc. 14, att. 6, pp. 5–7. Angela Payne, team lead over the grocery department, testified that she had been in the grocery action alley approximately one minute before the accident. Doc. 19, att. 1, p. 40. As part of her regular duties, Payne inspected the floor and came within one to two feet of the spot where plaintiff slipped. *Id.* However, she did not observe any hazard. *Id.* She testified that she would have noticed the substance if it were there during her inspection, and would have been obliged to clean it if she had observed it. *Id.* at 41–42. Accordingly, Wal-Mart maintains that plaintiff cannot produce any evidence that it either created the condition or had actual or constructive notice of it.

Plaintiff disputes when Payne left the area. She provides an affidavit stating:

> Prior to my fall on December 19, 2024, I saw an employee named "Angela" in the same area where my fall occurred. I was approximately ten (10) seconds away from the location where my fall occurred when I saw her. No other customer or employee was in the same area or was between me and Angela from the time I saw her until the time my fall occurred. From the moment I first saw Angela until the time my fall occurred, there was no other individual who could have caused the substance to get on the floor. Angela had enough time to notice the substance on the floor and warn me of it, or to put her body in between me and the substance, prior to my fall. As I approached Angela, she did not make any effort to clean the substance, warn me of the substance, or make any effort to prevent me from slipping on it.

Doc. 20, att. 3, pp. 1–2. Wal-Mart contends that this is at odds with plaintiff's earlier deposition, where she testified that she saw Payne in a side aisle: "I had the impression that

[Payne] was doing something on the shelves. That was just what I thought." Doc. 14, att. 4, p. 55. But plaintiff affirmed, as she stated in her affidavit, that Payne was close by at this time—only five to ten feet away. *Id.* at 47, 55.

Wal-Mart also points to the affidavit of customer Vesta Kimbro, who witnessed the fall. Doc. 14, att. 7. Kimbro stated that she "[had] no knowledge of anyone (whether it be a customer or an employee of Walmart) who knew the spill or substance was on the floor before Wanda Anderson's fall" and that she "[did] not recall whether there were any Walmart employees within 10 feet of Wanda Anderson at the time of her slip and fall." *Id.* at ¶¶ 8, 15. Wal-Mart argues that Kimbro's failure to observe any Wal-Mart employees in the area, taken together with plaintiff's own failure to observe Kimbro, are in direct conflict with plaintiff's deposition testimony that Payne was nearby. Yet Kimbro only looked in plaintiff's direction after hearing her yell. *Id.* at ¶ 5. Additionally, she would only state that could not recall if there were other Wal-Mart employees in the vicinity.

Plaintiff's account contradicts Payne's as to whether Payne was still close enough to observe the condition causing the accident at the time plaintiff fell. And Payne's account is bolstered by Kimbro's. But a "self-serving" affidavit or deposition "may create fact issues even if not supported by the rest of the record." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021). Such accounts only fail to create a fact issue when "their contents [are] either conclusory, vague, or not based on personal knowledge." *Id.* at 161. An affidavit must also be rejected at the summary judgment stage if it "impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *see also Vincent v. Coll. of Mainland*, 703 F. App'x 233, 238 (5th Cir. 2017)

("Conclusory, self-serving affidavits are insufficient to create a fact issue when they contradict prior testimony."). Otherwise, the weight accorded "to . . . self-interested evidence is a question of credibility, which judges may not evaluate at the summary judgment stage." *Guzman*, 18 F.4th at 161.

Despite the conflicts with other testimony, Wal-Mart fails to show a basis for disregarding plaintiff's account at this stage. There is no contradiction between plaintiff's deposition and her affidavit. And to the extent that a jury does choose to take her word over that of Wal-Mart's witnesses, plaintiff's account offers a sufficient basis to show that Wal-Mart (through Payne) might have had actual or constructive notice of the hazard before plaintiff fell. Payne herself admitted that (1) she was required to inspect the floor, (2) she inspected that area shortly before plaintiff's fall, (3) she would have seen the hazard if it had been there during her inspection, and (4) had she observed the condition, she would have cleaned it up. Plaintiff's testimony that Payne was in the area just before her fall, if credited, thus supports a finding that Payne either did see the condition and failed to take appropriate remedial action or failed to notice what she ought to in the exercise of reasonable care. Accordingly, there is no basis for granting summary judgment as to Wal-Mart's liability.

## IV.
## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 14] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 10th day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**